UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

ERIN SNOW                                                                                                          PLAINTIFF

v.                                                                                        CIVIL ACTION NO. 3:12-CV-195

JUAN CRUZ and WILFREDO B. GALVEZ                                                      DEFENDANTS

### MEMORANDUM OPINION AND ORDER

Plaintiff Erin Snow brought this action against defendants Juan Cruz and Wilfredo B. Galvez in a complaint filed March 13, 2012 in Jefferson County, Kentucky, Circuit Court. In her complaint, Snow alleged that on September 23, 2009, Cruz negligently operated a motor vehicle, causing it to collide with Snow's vehicle. Snow further alleged that at the time of the accident, Cruz was in the course and scope of his employment by Galvez or was acting as an agent of Galvez. Snow claimed that due to Cruz's negligence, she suffered physical and mental pain, incurred medical expenses, and had her power to labor and earn income damaged.

The defendants timely removed the case to this court based on this court's diversity jurisdiction. In a Rule 16 scheduling order dated June 13, 2012, Magistrate Judge Dave Whalin ordered that motions to join parties or amend pleadings be filed no later than March 1, 2013.

On December 10, 2012, Snow timely moved to amend her complaint. In a tendered amended complaint, Snow re-asserted her negligent operation of a motor vehicle claim, but also added claims for negligent entrustment and negligent maintenance against Galvez, as well as a request for punitive damages against both Cruz and Galvez. The defendants oppose the amendments, arguing that the proposed new claims would be futile.

Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, a party must obtain leave of court to amend a complaint more than 21 days after a responsive pleading has been served. The Rule provides that leave shall be "freely give[n]" when "justice so requires." However, leave to amend may be denied where the amendment would be futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). A proposed amendment is futile when it would not survive a motion to dismiss. *Thiokol Corp. v. Dep't of Treasury, State of Michigan, Revenue Div.*, 987 F.2d 376, 383 (6th Cir. 1993).

Upon a motion to dismiss for failure to state a claim, a court "must construe the complaint in the light most favorable to plaintiff" and "accept all well-pled factual allegations as true." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007). To survive a motion to dismiss, the "complaint must contain either direct or inferential allegations respecting all material elements" of the offense. *In re Travel Agent Comm'n Antitrust Litig.*, 583 F.3d 896, 902 (6th Cir. 2009) (internal question marks omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and must "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). Rule 8 requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must provide more than "labels and conclusions," *Twombly*, 550 U.S. at 555, or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. Accordingly, a court considering a motion to dismiss can begin "by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679.

We begin with the negligent entrustment claim. Kentucky courts have adopted the Restatement (Second) of Torts § 390, which provides:

> One who supplies directly or through a third person a chattel for the use of another whom the supplier knows or has reason to know to be likely because of his youth, inexperience, or otherwise, to use it in a manner involving unreasonable risk of physical harm to himself and others whom the supplier should expect to share in or be endangered by its use, is subject to liability for physical harm resulting to them.

*Hercules Powder Co. v. Hicks*, 453 S.W.2d 583, 587 (Ky. 1970). Thus, "the rule imposes liability upon the supplier of a chattel for use by an incompetent person if, and only if, the supplier knows or has reason to know of the probable misuses by reason of the incompetence of the person to whom the chattel is furnished." *Id.*

To support her negligent entrustment claim, Snow alleges in the proposed amended complaint that Cruz was "incompetent, reckless, and/or not licensed to operate a vehicle in the Commonwealth of Kentucky," and that Galvez either knew or should have known such facts. Nevertheless, Snow alleges, Galvez entrusted the operation of his vehicle to Cruz.[1] Under the *Twombly/Iqbal* standard, those allegations are insufficient. The allegations that Cruz was "incompetent" or "reckless" are not facts, but instead are purely conclusory statements. Accordingly, they are not entitled to the assumption of truth. And while the allegation that Cruz was not properly licensed to operate a vehicle in Kentucky could properly be considered a factual allegation, it is not enough to raise a right to relief from the speculative level to the plausible level. That is because of the manner in which Snow made that allegation: rather than stating outright that Cruz was not a licensed driver, Snow suggested it as one of three possibilities, the other two being the conclusory statements that Cruz was "incompetent" or "reckless."

As to her negligent maintenance claim, Snow alleges that "Galvez had a duty to maintain his vehicle in such fashion that it could safely traverse the roadway" and also "had a duty to license and

---

[1] Snow's proposed complaint actually alleges that "Galvez entrused the operation of his vehicle to Defendant Galvez," but the court assumes that was simply a typographical error.

- 3 -

maintain the vehicle in accordance with prevailing vehicle regulations," but that he "failed [to] properly register and maintain his vehicle." Again, those allegations are strictly conclusory; they state only an ultimate legal conclusion without providing any sort of underlying factual allegations. That is insufficient.

Although Snow did not allege any facts supporting the negligent maintenance claim in her proposed amended complaint, she argues in her reply papers that her deposition testimony in this case supports a conclusion that the defendants' truck was negligently maintained. Specifically, she points to statements she made in her deposition that she noticed at the time of the accident that the truck's tires were bald and the bed of the truck was overloaded. The court agrees that those facts, if alleged, would be sufficient to state a plausible claim of negligent maintenance against Galvez, the owner of the truck. In particular, the fact that the tires on the truck were worn down would be sufficient to show a failure on Galvez's part to keep the truck in a reasonable condition, even as he let his truck be used to haul a supposedly excessive amount of materials. However, allegations concerning those facts were not a part of Snow's proposed amended complaint, and at this stage, the court is rendering a decision based on the allegations in that proposed amended complaint.

Finally, as to Snow's claim for punitive damages, she alleges only that the defendants' conduct was "wanton, willful, and reckless." As with the allegations underlying the proposed negligent entrustment and negligent maintenance claims, that statement is nothing more than a recitation of a legal conclusion that is not entitled to the assumption of truth. Because there is no other factual allegations in the proposed amended complaint that would be sufficient to support the application of punitive damages, the motion for leave to amend to assert a claim for punitive damages will be denied. *See Boring v. Google Inc.*, 362 F. App'x 273, 283 (3d Cir. 2010) (holding

that claim for punitive damages was properly dismissed where the complaint contained no allegation of conduct that was malicious or reckless); *Odor v. Wal-Mart Stores E., Ltd. P'ship*, 2011 WL 3203760, at *2 (E.D.Ky. July 7, 2011), *report and recommendation adopted*, 2011 WL 3203742 (E.D.Ky. July 27, 2011) (finding that claim for punitive damages should be dismissed under *Twombly* and *Iqbal* where plaintiff alleged that the defendant's conduct was "a willful, wanton, reckless and/or grossly negligent disregard for the rights and safety of Plaintiff").

Despite the court's findings that the factual allegations in Snow's proposed amended complaint are insufficient to state a claim as to negligent entrustment, negligent maintenance, or punitive damages, the court notes that it is possible that Snow either knows of or will become aware of facts that would allow her to state a claim as to any of those additional claims. Indeed, as noted above, Snow's reply relates that she is already aware of facts that would appear to support a negligent maintenance claim; she simply did not see fit to put allegations concerning those facts into her proposed amended complaint. Further, the court notes that discovery is ongoing in this matter; Snow states in her reply papers that, at least at the time she filed her reply, she had not yet deposed Cruz or Galvez. Snow may be able to develop more facts that she could then allege to support her desired additional claims in a manner that would satisfy the *Twombly/Iqbal* standard. However, based on the allegations in the proposed amended complaint Snow has provided the court, her motion for leave to amend must be denied.

For all the reasons stated above and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that the motion of the plaintiff, Erin Snow, for leave to amend her complaint (DN 23) is **DENIED**.

January 18, 2013

Charles R. Simpson III, Judge
United States District Court